FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 APR 16  PM 1:57

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____KKC
DEPUTY

KAREN RENEE SUDDUTH,
                    **Plaintiff,**

-vs-

                                                                   **Case No.  A-13-CA-918-SS**

TEXAS HEALTH AND HUMAN SERVICES
COMMISSION, TINA PHAM, DIAMOND
MENDOZA, GARY GOSSETT, and SANDRA
COCHRAN,
                    **Defendants.**

## O R D E R

       BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Texas Health and Human Services Commission (HHSC), Tina Pham, Gary Gossett, and Sandra Cochran's Motion to Dismiss [#14],[1] Plaintiff Karen Renee Sudduth's Response [#15], and Defendants' Reply [#19]; and Sudduth's Amended Complaint [#17], filed after her Response. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

### Background

       Pro se Plaintiff Karren Sudduth brings this employment discrimination lawsuit against her former employer, HHSC, and a number of her former coworkers. Sudduth worked at HHSC for roughly one year, and complains of acts occurring between August 1, 2011, and July 31, 2012.

---

[1] Sudduth also named Diamond Mendoza as a Defendant. HHSC represents Mendoza is no longer employed by HHSC. Additionally, the record reflects Mendoza has not yet been served.

Specifically, Sudduth claims she was discriminated against because of her race, American Indian, and various disabilities, namely partial blindness, diabetes, and Hashimoto's disease.

Sudduth's complaints[2] contain various and sundry allegations of discriminatory conduct. Among them, Sudduth alleges an unidentified coworker commented, "Don't make Indians mad, if you don't give them Medicaid, Indians will scalp you." Compl. [#1] ¶ 22. Sudduth also alleges Defendant Gossett told her "she had been seen on repeated occasions to be *huffing and puffing* and stomping when passing in front of" a coworker's workspace. Am. Compl. [#17] ¶ 18.[3] Sudduth's Complaint states unidentified coworkers sighed at her description of her disability, harassed her while she was monitoring her glucose levels, deprived her of visual aids and accessible materials, required extensive documentation of her medical appointments, and relocated her office to an area with a structural pole and poor lighting. Sudduth alleges she was terminated around July 31, 2012 for an allegedly threatening statement made by Sudduth to a coworker in a workplace altercation. Sudduth contends this termination was "wrongful" because HHSC was mistaken about the facts and denied Sudduth an opportunity to adequately present her side of the story.

Based on these allegations, Sudduth brought suit under Title I of the Americans with Disabilities Act, and Title VII of the Civil Rights Act of 1964. Defendants now move to dismiss under Federal Rule of Civil Procedure 12(b)(1) and Rule 12(b)(6).

---

[2] Sudduth's Amended Complaint expands upon her Original Complaint, but also incorporates by reference the entirety of the Original Complaint. In order to understand Sudduth's allegations, it is necessary to review both documents in their entirety.

[3] Although Sudduth apparently attributed some racial animus to this comment, the Court notes there is nothing apparently racial about the words huffing, puffing, or stomping. Nor does Sudduth plead any facts from which some racial connotation could be plausibly inferred.

Analysis

## I.      Legal Standards

### A.      Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject matter jurisdiction as a defense to suit. The burden of establishing subject matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

In evaluating a challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

### B.      Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A

motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.    Application

Defendants argue dismissal is appropriate for several reasons. First, with respect to Sudduth's ADA claim, Defendants contend ADA claims against state agencies like HHSC are barred by sovereign immunity. Additionally, the ADA does not authorize claims against individual employees such as coworkers. Second, with respect to Sudduth's Title VII race discrimination claim, Defendants argue the claim is time-barred and inadequately pleaded.

### A.    ADA Claim

Sudduth's ADA claim against HHSC is barred by sovereign immunity. As the United States Supreme Court has explained, "in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). HHSC "is an agency of the state" of Texas. TEX. GOV'T CODE § 531.002(a). Because the ADA does not effectively abrogate Eleventh Amendment immunity, this Court lacks jurisdiction to hear an ADA suit against a state agency. *See Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001) (ADA does not abrogate Eleventh Amendment sovereign immunity); *Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state.").[4]

---

[4] Sudduth's Response contends her ADA claims may proceed, in spite of sovereign immunity, based on the "plan waiver exception" or the doctrine of *Ex parte Young*, 209 U.S. 123 (1908). The "plan waiver exception," which relates to intergovernmental suits, has no relevance here. The *Ex parte Young* doctrine may allow Sudduth to seek prospective injunctive relief against a state official sued in an official capacity, but Sudduth has neither identified the relevant state official nor indicated an intent to sue him or her in such a capacity. In fact, because Sudduth's complaints are largely silent as to the relationship of any of the individual defendants to HHSC, the Court has no idea whether the appropriate official is even a party to this lawsuit. If Sudduth desires to pursue an *Ex parte Young* style claim, her amended pleading should specifically identify and name as a defendant the appropriate state official, and expressly indicate her intention to sue that individual in his or her official capacity.

Sudduth's ADA claims against her coworkers fare no better. The ADA prohibits a "covered entity" from discriminating on the basis of disability. 42 U.S.C. § 12112(a). The term "covered entity" is described in terms of employers, not employees. *Id.* § 12111(2). As in the Title VII and Age Discrimination in Employment Act (ADEA) contexts, individuals who do not qualify as "employers" cannot be held liable under the ADA. *Starkman v. Evans*, 18 F. Supp. 2d 630, 632 (E.D. La. 1998) (citing *Grant v. Lone Star Co.*, 21 F.3d 649 (5th Cir. 1994) (Title VII); *Stults v. Conoco, Inc.*, 76 F.3d 651 (5th Cir. 1996) (ADEA)). Because there is no factual or legal basis for concluding Sudduth's coworkers meet the statutory definition of "employer," Sudduth's claims against them must be dismissed.

## B.    Title VII Race Discrimination Claim

Sudduth has pleaded a Title VII race discrimination claim, but the only fact related to race in her Complaint is her allegation regarding an unidentified coworker's derogatory comment in September 2011.[5] Assuming that comment was actionable, Sudduth was required to file a grievance with the EEOC within 300 days of the comment being made. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). "A claim is time barred if it is not filed within these time limits." *Id.* Sudduth's EEOC charge was filed May 13, 2013, and therefore any claims based on conduct which occurred prior to July 17, 2012 (300 days prior) are time-barred. To the extent Sudduth intended to base her Title VII race discrimination claim on her July 31, 2012 termination, she has failed to allege any facts from which the Court can plausibly infer her termination was based on her race. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (affirming Rule 12(b)(6) dismissal of Title VII

---

[5] As noted above, Sudduth apparently ascribes some racial motive to Defendant Gossett's "huffing and puffing" comment, but this comment has no plausible connection to Sudduth's race.

race discrimination claim where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's] race or national origin").

Finally, as with Sudduth's ADA claims, Sudduth's Title VII claims against her individual coworkers must be dismissed because "relief under Title VII is available only against an employer, not an individual supervisor or fellow employee." *Foley v. Univ. of Hous. Sys.*, 355 F.3d 333, 340 (5th Cir. 2003).

## Conclusion

As currently pleaded, Sudduth's claims cannot survive the motion to dismiss. However, because Sudduth is proceeding pro se, the Court will dismiss without prejudice and grant Sudduth twenty days to file an amended complaint.[6] Defendants will then have an opportunity to file another motion to dismiss. The Court notes the repleading of causes of action which are barred as a matter of law (such as Sudduth's ADA claim, or the claims against the individual coworkers) may result in summary dismissal of those claims for the reasons stated in this order. Additionally, if Sudduth's claims are dismissed again, the resulting dismissal will be final and with prejudice to refiling.

Accordingly,

IT IS ORDERED that Defendants Texas Health and Human Services Commission (HHSC), Tina Pham, Gary Gossett, and Sandra Cochran's Motion to Dismiss [#14] is GRANTED;

---

[6] The Court notes any amended complaint should contain all of Sudduth's allegations, rather than piecemeal additional allegations with a generic incorporation of all previous pleadings. While the formalities of pleading structure may seem unnecessary to a pro se plaintiff such as Sudduth, a single document setting forth "a short and plain statement of the claim showing that the pleader is entitled to relief" is the best way to ensure all relevant facts and issues are presented and preserved for any appeal. *See* FED. R. CIV. P. 8(a)(2).

IT IS FINALLY ORDERED that all claims brought by Plaintiff Karen Renee Sudduth in the above-styled cause are DISMISSED WITHOUT PREJUDICE. Plaintiff shall have TWENTY (20) DAYS from entry of this order in which to file any amended complaint, or this case will be closed.

SIGNED this the _16th_ day of April 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE