IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 23 AM 11: 20
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

KAREN RENEE SUDDUTH,
        Plaintiff,

-vs-                                          Case No. A-13-CA-918-SS

TEXAS HEALTH AND HUMAN SERVICES COMMISSION; KYLE JANEK; THOMAS SUEHS; TINA PHAM; and GARY GOSSET
        Defendant.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Partial Motion to Dismiss [#26], Plaintiff Karen Renee Sudduth's Response [#27], and Defendants' Reply [#28]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is an employment discrimination case. Sudduth worked at the Texas Health and Human Services Commission (HHSC) for roughly one year. Sudduth, who has diabetes and related visual impairments, contends she was discriminated against on the basis of these disabilities. Sudduth also alleges she was terminated in retaliation for complaining about this discrimination. The Court previously granted a motion to dismiss Sudduth's pro se original complaint, dismissing without prejudice. *See* Order of Apr. 16, 2014 [#20]. Sudduth subsequently retained counsel and repleaded. Defendants now move to dismiss some of Sudduth's repleaded claims, though Defendants acknowledge certain claims will move forward even if their motion is granted in its entirety.

Sudduth's claims as asserted in her Second Amended Complaint [#21] are: (1) discrimination under the Americans with Disabilities Act (ADA), asserted against Defendants Janek,[1] Pham, and Gosset in their official capacities as HHSC employees; (2) disability discrimination under Section 504 of the Rehabilitation Act, asserted against HHSC; (3) retaliation in violation of Title VII of the Civil Rights Act of 1964, asserted against HHSC; and (4) a 14th Amendment due process claim, asserted against Defendants Suehs, Pham, and Gosset in their individual capacities. Defendants now move to dismiss all claims with the exception of Sudduth's ADA claims against Janek in his official capacity and her Rehabilitation Act claim against HHSC.

## Analysis

### I.  Legal Standards

### A.  Rule 12(b)(1)

Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject matter jurisdiction as a defense to suit. The burden of establishing subject matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

In evaluating a challenge to subject matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry the Court may

---

[1] Sudduth originally directed this claim at Defendant Suehs. However, Suehs is no longer employed by HHSC. Executive Director Kyle Janek, in his official capacity, is substituted for Suehs as the proper defendant. FED. R. CIV. P. 25(d).

consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir. 1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

**B.      Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics*

*Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

### A.   Procedural Due Process Claim

Defendants argue Sudduth's procedural due process claim against Defendants Suehs, Pham, and Gosset should be dismissed on the basis of qualified immunity. Sudduth's due process claim arises from her termination and her dissatisfaction with the process provided to her through a grievance hearing.

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The procedural due process rights provided by the Constitution "never arise unless the plaintiff can allege some deprivation of liberty or property as set forth in the Fourteenth Amendment." *Hughes v. City of Garland*, 204 F.3d 223, 225 (5th Cir. 2000). A property interest in a benefit such as public employment only exists where a person has "a legitimate claim of entitlement" to employment,

-4-

which means "more than an abstract need or desire" or "unilateral expectation" of employment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). Any such property will come not from the Constitution but from "existing rules or understandings that stem from an independent source such as state law." *Id.*; *see also Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538–39 (1985) (state statute providing civil service employees could not be fired except for "misfeasance, malfeasance, or nonfeasance in office" created a property right in continued employment).

Under Texas law, employment contracts are "at will," meaning terminable by either party for any reason, unless the contract specifies to the contrary. *Zimmerman v. H.E. Butt Grocery Co.*, 932 F.2d 469, 471 (5th Cir. 1991). Sudduth does not allege she had an employment contract specifying her employment to be anything other than at-will employment. To the contrary, HHSC's Human Resources Policy Manual expressly disavows the creation of any property interest in continued employment and does not require termination for cause. Mot. Dism. [#26-3], Ex. 3. Accordingly, Sudduth has failed to allege any facts suggesting she has any protected property interest in her continued employment with HHSC.

In her Response, Sudduth concedes Texas is generally an at-will state, but maintains HHSC's formal recognition of Sudduth as a "qualified individual" under the ADA "morphed her employment from an at will term to a public employee with a 'legitimate claim of entitlement' because she could only be terminated for a 'legitimate non-discriminatory reason.'" Resp. [#27], at 7. Sudduth cites no authority supporting this novel theory, and the Court knows of none. The ADA does not grant property rights in continued employment to all disabled employees. The ADA only prohibits employers from discriminating against employees because of their disabilities. Sudduth could still be terminated at will. Because Sudduth has failed to allege any factual basis for finding she had a

property interest in continued employment with HHSC, she has failed to plead facts sufficient to overcome Defendants' qualified immunity defense.

Sudduth's procedural due process claim is therefore DISMISSED.

**B.     Title VII Retaliation Claim**

Defendants move to dismiss Sudduth's Title VII retaliation claim because Sudduth has failed to exhaust her administrative remedies. Federal courts lack jurisdiction to consider Title VII claims unless those claims were administratively exhausted, which generally means they were presented to the Equal Opportunity Employment Commission. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006); *see also Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990). In the Fifth Circuit, courts must look to "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination" to determine whether a claim was properly exhausted. *Pacheco*, 448 F.3d at 789 (internal quotation marks omitted).

On her EEOC charge form, Sudduth checked the boxes for "race" and "disability" discrimination; she did not check the box for "retaliation." Mot. Dism. [#26-1], Ex. 1. Further, Sudduth's narrative explanation complained only of a failure to accommodate her disabilities and discriminatory treatment based on her race and disabilities. *Id.* Nothing on the face of Sudduth's charge suggests the EEOC would have investigated a retaliation claim. Sudduth offers no response to Defendants' failure-to-exhaust argument, which the Court interprets as a concession the exhaustion requirement has not been satisfied as to her retaliation claim.

Sudduth's Title VII retaliation claim is therefore DISMISSED.

C.  **ADA and Rehabilitation Act Claims**[2]

Defendants move to dismiss Sudduth's ADA and Rehabilitation act claims insofar as they relate to conduct which occurred before July 18, 2012—300 days before Sudduth filed her EEOC charge. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) (time period to file a charge of discrimination is within either 180 or 300 days of the discriminatory act, depending on state practices). Sudduth alleges she was terminated July 31, 2012. She also alleges the acts of discrimination which occurred prior to July 18, 2012 amount to a "continuing violation" and therefore are not time-barred. *See Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003) ("Under the continuing violations doctrine, a plaintiff may complain of otherwise time-barred discriminatory acts if it can be shown that the discrimination manifested itself over time, rather than in a series of discrete acts.").

The Court finds Sudduth's allegations with respect to her ADA and Rehabilitation Act claims are sufficient to survive a Rule 12 motion. Regardless of whether pre-July 18, 2012 conduct may be independently actionable, Sudduth may be able to use that conduct as evidence in support of timely claims. *Morgan*, 536 U.S. at 113. Therefore the scope of discovery in this case would not be significantly altered by dismissing portions of Sudduth's claims based on the statute of limitations at this time. The Court will therefore DENY Defendants' motion to dismiss portions of these claims. This denial is without prejudice to reconsideration of the timeliness of claims based on particular events, or a determination certain conduct amounted to a continuing violation, on the basis of an evidentiary record.

---

[2] Because Sudduth's ADA claim seeks prospective injunctive relief in the form of reinstatement, the Executive Commissioner of the HHSC, Kyle Janek, in his official capacity, is the appropriate defendant. The Court therefore dismisses the ADA claim against Gosset and Pham as those individuals lack the authority to reinstate Sudduth.

## Conclusion

Accordingly,

   IT IS ORDERED that Defendants' Partial Motion to Dismiss [#26] is GRANTED IN PART and DENIED IN PART, as described in this order.

SIGNED this the 23rd day of June 2014.

   _____
   SAM SPARKS
   UNITED STATES DISTRICT JUDGE